Jason A. Rose, Esq.
Nevada Bar No. 9671
FAHRENDORF, VILORIA,
    OLIPHANT & OSTER L.L.P.
327 California Ave.
Reno, Nevada 89519
(775) 348-9999
(775) 348-0540 fax
bankruptcy@renonvlaw.com

Counsel for Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

IN RE
ANDREANO, STEPHEN CRAIG and
ANDREANO, CATHERINE ANN

Debtors.

_____/

CASE NO.  BK-N-09-52781-GWZ

CHAPTER  11

**MOTION TO VALUE COLLATERAL**

Hearing Date: 1/13/2010
Hearing Time: 2:00 p.m.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE AND ALL OTHER PARTIES IN INTEREST:

Stephen C. Andreano and Catherine A. Andreano ("Debtors"), by and through their counsel of record, Jason A. Rose, Esq., hereby moves this court for a determination of the secured value under Rule 3012 of the Federal Rules of Bankruptcy Procedure of the real property located at 2415 Killington Drive, Reno, Nevada 89511 (the "Subject Property"), pursuant to 11 U.S.C. § 506(a) and further based upon the declaration of the Debtors, and to treat the claim of Wells Fargo Bank, N.A.

202831.doc                                                                -1-

1  ("Wells Fargo") as wholly unsecured on the grounds that there is no equity in the Subject Property
2  for Wells Fargo's lien to attach after accounting for the encumbrance of a first deed of trust.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### Introduction

Under the Bankruptcy Code, a claim is not a secured claim to the extent that it exceeds the value of the property that secures it. Here, the amount of the loan secured by the first deed of trust is greater than the value of the subject property. Consequently, there is no equity in the Subject Property for Wells Fargo's junior lien to attach.

### II.

### Background Facts

The Debtors filed their case on August 18, 2009. Debtors own the residential Subject Property, which is encumbered by a first deed of trust held by Downey Savings and Loan Association, F.A. ("Downey") and a second deed of trust held by Wells Fargo. The first and second deeds of trust were recorded in the Washoe County Recorder's Office. *See* Debtors' Schedules A and D, attached to the declaration of Stephen C. Andreano ("Andreano Declaration") as Exhibit A, filed concurrently with this motion.

Sometime before the Debtors filed their case, Downey's assets were seized by the Office of Thrift Supervision and the Federal Deposit Insurance Corporation was named receiver. U.S. Bank, N.A. ("U.S. Bank") later acquired the banking operations of Downey.

Due to the falling real estate prices in Reno, Nevada, the value of the Subject Property has substantially decreased in value. Consequently, there is no longer sufficient equity in the Subject Property to support the security interest of Wells Fargo's second deed of trust. The Debtors value the Subject Property at the approximate value of $370,000 based upon their personal knowledge as the Subject Property's owners and understanding of comparable prices for similar homes in that

202831.doc                                    -2-

neighborhood.[1] *See* Andreano Declaration. At the time the Debtors filed their petition, the outstanding balance of U.S. Bank's ("National City") note and first deed of trust was in the approximate sum of $573,520.94, which is more fully set forth in U.S. Bank's Proof of Claim filed in this case. A copy of U.S. Bank's Proof of Claim is attached to the Andreano Declaration as Exhibit B.

Therefore, Wells Fargo's claim in the approximate sum of $122,043.97, secured by a junior deed of trust on the Subject Property, is wholly unsecured after accounting for U.S. Bank's senior lien and should be treated as a non-priority unsecured claim in the administration of the Debtors' case.

### III.

### Authorities

By virtue of Rule 3012 of the Federal Rules of Bankruptcy Procedure, "[t]he court may determine the value of the claim secured by a lien on property in which the estate has an interest, on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct." The value of the Subject Property—at the time the Debtor's petition was filed—is $370,000. *See* Andreano's Declaration supporting the value of the Subject Property filed concurrently with this motion. A debtor may testify regarding the value of property owned by the debtor. Fed. R. Evid. 701; *So. Central Livestock Dealers, Inc., v. Security State Bank*, 614 F.2d 1056, 1061 (5th Cir. 1980); and *City of Elko v. Zillich*, 100 Nev. 366, 371, 683 P.2d 5, 8 (1984).

Under Section 506(a) of the Bankruptcy Code, the value of the collateral sets the upper bounds of the amount of a secured claim. Here, the Debtors seek to value the Subject Property at the fair market value of $370,000 as of the date the petition was filed. The Subject Property is

---

[1] Wells Fargo estimated the value of the Subject Property at $360,000. *See* Wells Fargo's Proof of Claim filed in this case on October 5, 2009 attached to the Andreano Declaration as Exhibit C.

202831.doc                                        -3-

encumbered by a first deed of trust—held by U.S. Bank—that secures a balance of $573,520.94. Consequently, Wells Fargo's junior deed of trust is wholly unsecured and, therefore, no portion of its claim should be allowed as a secured claim in the Debtors' case.

Generally, Section 1123(b)(5) of the Bankruptcy Code prohibits a debtor from modifying a claim secured only by the debtor's principal residence. But *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002) and *In re Lam*, 211 B.R. 36 (B.A.P. 9th Cir. 1997) provide an exception and allow a junior lien to be treated as an unsecured claim if there is no equity in the real property securing the lien. Here, there is no equity in the Subject Property for Wells Fargo's lien to attach and, as a result, Wells Fargo's lien should be treated as an unsecured claim.

**Wherefore**, the Debtors respectfully pray for the following relief:

(1)     Declaratory relief setting the value of the Subject Property at $370,000;

(2)     declaratory relief that Wells Fargo's proof of claim for its junior lien be treated as a general unsecured claim;

(3)     declaratory relief that Wells Fargo's junior lien on the Subject Property be extinguished and re-conveyed upon confirmation of the Debtors' Chapter 11 Plan; and

(4)     such other and further relief the Court determines is just and proper.

**DATED** this 4th day of December, 2009.

FAHRENDORF, VILORIA,
OLIPHANT & OSTER L.L.P.

By: /s/ Jason A. Rose
    Jason A. Rose, Esq.
    Nevada Bar No. 9671

Attorneys for the Debtors

202831.doc                    -4-

## DECLARATION OF STEPHEN C. ANDREANO IN SUPPORT OF VALUATION OF THE SUBJECT PROPERTY U.S.B.C. CASE NO: BK-N-09-52781-GWZ

I, Stephen C. Andreano, declare:

1.  I am a debtor in the above-referenced case. I state the following facts based upon my own personal knowledge and know them to be true, except those facts stated on information and belief, which facts I am informed and believe to be true.

2.  My Chapter 11 bankruptcy case was filed on August 18, 2009.

3.  My residence is located at 2415 Killington Drive, Reno, Nevada 89511 ("Subject Property"), and is encumbered by a senior lien held by U.S. Bank, N.A. ("U.S. Bank") and a junior lien held by Wells Fargo. I am informed and believe that these liens were duly recorded with the Washoe County Recorder's Office. The Debtors' Schedules A and D evidencing said liens are attached hereto as Exhibit A.

4.  Based upon my personal knowledge of similar homes selling in my neighborhood at the time I filed my bankruptcy case, the fair market value of the Subject Property was $370,000.

5.  At the time I filed my bankruptcy case, the outstanding balance on the note and first deed of trust held by U.S. Bank, was in the approximate sum of $573,520.94. A copy of U.S. Bank's Proof of Claim attached hereto as Exhibit B.

6.  Wells Fargo filed a proof of claim in this case. The balance on the second deed of trust held by Wells Fargo is in the approximate sum of $122,043.97. According to Wells Fargo's proof of claim, the Subject Property's fair market value is $360,000. A copy of Wells Fargo's proof of claim filed in this case is attached hereto as Exhibit C.

///

///

///

202831[1]

-5-

7.    I respectfully request this court to value the Subject Property at $370,000.

I declare under penalty of perjury that the foregoing is true and correct and if called upon as a witness I could testify completely thereto.

Executed on December 4, 2009, at Reno, Nevada.

/s/ Stephen C. Andreano
STEPHEN C. ANDREANO

*Stephen C. Andreano*
*Catherine Andreano*

202831[1]    -6-

# CERTIFICATE OF SERVICE

I certify that I am an employee of the law firm of FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P., and that on the date shown below, I caused service of a true and correct copy of the attached:

## MOTION TO VALUE COLLATERAL

to be completed by:

__XX__    served electronically via ECF system

- U.S. TRUSTEE – RN – 11; USTPRegion17.RE.ECF@usdoj.gov

__XX__    depositing for mailing in the U.S. mail with sufficient postage affixed thereto addressed to:

Wells Fargo Bank, N.A.
Home Equity Group
X2303-01A
1 Home Campus
Des Moines, IA 50328-0001

DATED this 4th day of December, 2009.

/s/ Cassie Nero
An employee of
Fahrendorf, Viloria, Oliphant & Oster LLP

202831.doc                                                          -7-